[Civ. No. 9389.  Second Appellate District, Division One.—October 3, 1933.]

In re Application of LOUIS SCHAEFER for a Writ of Habeas Corpus.

Wm. J. Clark and Nathan M. Dicker for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker and Alexander H. Van Cott, Deputies District Attorney, for Respondent.

CONREY, P. J.—The petitioner for the writ herein alleged and the return to the writ admits that the petitioner is held in custody of the sheriff of Los Angeles solely under and by virtue of a bench warrant issued by the superior court of that county, a copy of which bench warrant appears as a part of the petition.  The substance of the warrant, addressed ''to any sheriff'', etc., reads as follows: ''An indictment having been filed on the 7th day of September, 1933, in the Superior Court of the County of Los Angeles, charging Abe Bernstein et al., with the crime of conspiracy to commit vagrancy, a felony; you are therefore commanded forthwith to arrest the above-named John Doe No. 5 and bring him before that court to answer the said indictment, or if the court be not in session that you deliver him into the custody of the Sheriff of the County of

Los Angeles, or if he require it that you take him before any Magistrate in that County, or in the County in which you arrested him, that he may give bail to answer to the indictment in the sum of $50,000.00.''

■ It is contended by petitioner that said warrant is wholly invalid and is violative of section 19, article I, of the Constitution of California. That section reads as follows: ''The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches, shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized.'' The particular point here is that the warrant is void because it does not contain any name or description by which the person to be seized could be identified; and that the arrest under such warrant is an unreasonable seizure.

With two slight and wholly unimportant verbal differences, said section 19 is identical with the fourth amendment of the Constitution of the United States. While it is conceded that said fourth amendment is not binding upon the states, nevertheless the interpretations thereof by the Supreme Court of the United States are instructive and persuasive with respect to its meaning and effect. In *West* v. *Cabell*, 153 U. S. 78 [14 Sup. Ct. 752, 38 L. Ed. 643], the Supreme Court said: ''By the common law, a warrant for the arrest of a person charged with crime must truly name him, or describe him sufficiently to identify him. . . . The principle of the common law, by which warrants of arrest, in cases criminal or civil, must specifically name or describe the person to be arrested, has been affirmed in the American constitutions; and by the great weight of authority in this country a warrant that does not do so will not justify the officer making the arrest.'' The court then referred to *Commonwealth* v. *Crotty*, 10 Allen, 403 [87 Am. Dec. 669], where the conviction was set aside by the Supreme Judicial Court of Massachusetts, ''upon the grounds that the warrant was insufficient, illegal and void, because it did not contain Crotty's name, nor any description or designation by which he could be known and identified as the person against whom it was issued, and was in effect a general warrant, upon which any other person might

as well have been arrested, as being included in the description". Following its discussion of the Crotty case, the Supreme Court of the United States then quoted in full the fourth amendment, and held that it constituted "a declaration of the Constitution that all warrants must particularly describe the person to be seized". We think that the foregoing decision in *West* v. *Cabell* correctly states the law, and that the same constitutional protection to personal liberty, as contained in the above-mentioned section 19 of article I of the Constitution of California, is the law of this state; and we find no sufficient reason for a contrary holding. The declaration in the second clause of said section 19, concerning the facts to be shown by oath or affirmation, is a particular instance illustrating the first clause, but does not limit the more complete and general meaning of the entire section. See, also, *Go-Bart Importing Co.* v. *United States*, 282 U. S. 344, 357 [51 Sup. Ct. 153, 75 L. Ed. 374, 382], a very recent case, where the highest court of the land, in referring to the fourth amendment, said: "The amendment is to be liberally construed and all owe the duty of vigilance for its effective enforcement lest there shall be impairment of the rights for the protection of which it was adopted."

The warrant under which petitioner is now held in custody refers to an indictment pursuant to which the warrant is supposed to have been issued. It may be assumed that if the defendant was in any way named or identified in the indictment, such identification would have been carried into the warrant.

The constitutional rights of persons are such that no man may lawfully be arrested upon a general warrant which neither names nor in any way describes the person to be seized. This guaranty of personal liberty has been obtained in America and in England as the result of centuries of struggle against tyranny. Even in France, blank *lettres de cachet* have been out of fashion since the fall of the Bastile.

The district attorney in his final brief herein says: "We freely declare that the finding of the indictment which lies at the base of this case, was resorted to and is the only *legal* resort at hand for the prevention of organized crime, by causing the arrest of persons who are actual criminals, or have known criminal associations, who have come to this

city from other big cities and are found in association together here in readiness to prey upon the citizens of this prosperous commonwealth. We beg this court to consider this well-known condition in determining the result of this application.'' The answer is that anything resorted to as a procedure for the prevention of crime should itself be in accordance with law, and with the fundamental rights of persons. Surely a court of law must thus decide. When a defendant is brought before a court, or comes before a court as the petitioner has come here, the court is bound to accord to him the benefit of the legal rights which belong to him as they would belong to any other person in like circumstances.

In this proceeding we are not called upon to discuss the right of an officer to arrest, without warrant, under the conditions set forth in sections 836 and 849 of the Penal Code. We are dealing solely with the undisputed facts disclosed by the record before us.

Let the petitioner be discharged from custody.

Houser, J., and York, J., concurred.