[Crim. No. 6805. In Bank. May 1, 1961.]

THE PEOPLE, Appellant, v. LIONEL KEENER et al.,
Respondents.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood, Robert J. Lord and Harry B. Sondheim, Deputy District Attorneys, for Appellant.

Russell E. Parsons, Harry E. Weiss and Daniel N. Busby for Respondents.

GIBSON, C. J.—The People appeal from an order setting aside an information charging violations of section 337a of the Penal Code (bookmaking).

The Honorable Arthur S. Guerin, Judge of the Municipal Court of the Los Angeles Judicial District, issued a search warrant which stated that proof of probable and reasonable cause for the issuance of a warrant had been made by an affidavit of Officer Hatter of the Los Angeles Police Department. The affidavit, which was attached to and made a part of the warrant, stated that an informant, whose identity could not be revealed without endangering his safety, advised the affiant that three named persons were engaged in bookmaking activities at two specified addresses, that the named persons had received certain stolen typewriters, adding machines, and guns, which were located at the two addresses, and that a vehicle with an identified license number was used in transferring typewriters and adding machines to one of the addresses. The affidavit also stated that the informant had given information to police officers in the past which led to four arrests for bookmaking activities and that the persons arrested were held to answer at preliminary hearings. Another informant, whose name was given, told the affiant that he had purchased a stolen gun from one of the three named persons, and an investigation of governmental and public utility records revealed that each of the named persons had been previously arrested a number of times on charges relating to bookmaking, that one of them had previously been arrested for burglary, that the vehicle mentioned by the informant was registered to individuals who were relatives of

one of the three named persons, and that relatives of two of the named persons were connected with the addresses. Both the warrant and the affidavit particularly described the premises to be searched and the property to be seized. Among the articles mentioned were ''bookmaking paraphernalia'' consisting in part of betting markers, scratch sheets, racing forms, business machines, and other memoranda relating to the conduct of bookmaking activities.

Searches pursuant to the warrant were made by Officer Hatter and other officers at one of the addresses and by additional officers at the other address. Articles used in bookmaking were recovered at each of the two addresses, and defendants were arrested. Subsequently two returns to the search warrant were filed, and a hearing was held before the Honorable William Rosenthal, Judge of the Municipal Court of the Los Angeles Judicial District, on a motion by defendants to quash the search warrant on the ground, among others, that the basis for probable cause indicated in the affidavit was hearsay information from an undisclosed informant. At that hearing Officer Hatter testified that no information was presented to the judge who issued the warrant other than the statements contained in the affidavit and that the unnamed informant did not participate in or witness the search or arrest. A request by defendants for disclosure of the informant's name and the motion to quash were denied.

Immediately after the denial of the motion to quash, a preliminary hearing was held before Judge Rosenthal. The court denied motions by defendants for continuances in order to file petitions for writs of prohibition. The transcript of the hearing on the motion to quash was admitted in evidence; there was testimony that the officers in executing the warrant found articles used in bookmaking, including records of bets; and, when the articles were offered in evidence, defendants objected on the ground that they were obtained as a result of an illegal entry and a search based on a defective warrant. The objections were overruled. No motion was made at the preliminary hearing to strike the testimony of the officers who made the search or for disclosure of the identity of the unnamed informant referred to in the search warrant. After one of the counts of the complaint was dismissed as to one of the defendants, both defendants were held to answer.

Defendants made a motion in the superior court under section 995 of the Penal Code to set aside the information on the ground that there was no probable cause for the search and

that the evidence acquired upon the search was illegally obtained.[1] The motion was granted.

 A search warrant may be issued by a magistrate only upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property to be seized and the place to be searched. (Cal. Const., art. I, § 19; Pen. Code, §§ 1523, 1525.) If the magistrate is satisfied of the existence of the grounds for the application or that there is probable cause to believe their existence, he must issue the warrant to a peace officer commanding him to search the person and place named for the property specified. (Pen. Code, § 1528.) After the search the officer executing the warrant must return it to the magistrate with a written inventory verified by affidavit. (Pen. Code, § 1537.) Sections 1539 and 1540 of the Penal Code provide that, where the grounds for issuance of the warrant are controverted, a hearing shall be held and that, if it is found that there is no probable cause for believing the grounds on which the warrant was issued, the magistrate must restore the property to the person from whom it was taken.[2]

The People take the position that the refusal of the magistrate to quash the search warrant was conclusive as to the validity of the warrant and, therefore, that the evidence obtained by the search was properly admitted at the preliminary hearing. It has been held that where a search warrant is valid on its face and the defendant seeks to attack the truth of statements in the supporting affidavit, he must proceed under sections 1539 and 1540 of the Penal Code and that, if he does not avail himself of this remedy, the facts upon which the warrant was issued may not be controverted at a preliminary hearing, at a hearing of a motion under section 995, or at a trial. (*People* v. *Dosier,* 180 Cal.App.2d 436, 440 [4 Cal.Rptr. 309]; *People* v. *Lepur,* 175 Cal.App.2d 798, 801-

[1]Section 995 of the Penal Code provides: ''The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . . If it be an information: . . . 2. That the defendant had been committed without reasonable or probable cause.''

[2]Section 1539 of the Penal Code provides: ''If the grounds on which the warrant was issued be controverted, he must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the manner prescribed in section 869.''

Section 1540 of the Penal Code provides: ''If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken.''

802 [346 P.2d 914]; *People* v. *Nelson,* 171 Cal.App.2d 356, 360 [340 P.2d 718]; *People* v. *Phillips,* 163 Cal.App.2d 541, 545 [329 P.2d 621]; *People* v. *Thornton,* 161 Cal.App.2d 718, 721-722 [327 P.2d 161]; *Arata* v. *Superior Court,* 153 Cal. App.2d 767, 769-775 [315 P.2d 473].) ▉ As we have seen, however, the defendants involved in this case did apply to the magistrate for relief; their motion to quash the warrant for lack of probable cause, while not specifically asking for return of the seized property, was broad enough to include the grounds for relief set forth in sections 1539 and 1540; and during the hearing upon that motion they requested the name of the informant.

The ruling of the magistrate in denying the motion to quash should not be treated as final and conclusive with respect to defendants' right to attack the warrant for lack of probable cause. ▉ Section 1466 of the Penal Code, which sets forth the decisions of an inferior court from which an appeal may be taken in a criminal case, does not authorize an appeal from an order made under sections 1539 and 1540 or from a denial of a motion to quash a warrant, nor does any other provision allow such an appeal, and, under the general rule, an order is not appealable unless declared to be so by the Constitution or by statute. (*People* v. *Valenti,* 49 Cal.2d 199, 204 et seq. [316 P.2d 633]; *cf. Collins* v. *Corse,* 8 Cal.2d 123, 124 [64 P.2d 137]; *Weiss* v. *Garofalo,* 89 Cal. App.2d 811 [201 P.2d 845]; see 3 Witkin, California Procedure (1954), p. 2150.) ▉ A defendant's failure to seek an extraordinary writ such as mandamus or prohibition, where available, as a means of obtaining relief from an erroneous decision upon proceedings under sections 1539 and 1540 likewise should not be deemed a waiver of his right to attack the warrant for lack of probable cause when the prosecution at the preliminary hearing seeks to introduce evidence discovered upon the asserted illegal search. ▉ Defendants, prior to the preliminary hearing, did all that could reasonably be expected of them to preserve their rights, and, under these circumstances, the adverse ruling upon the motion to quash the warrant did not preclude them from subsequently raising at the preliminary hearing their claim that the warrant was defective.

We come now to the principal question, namely, whether the withholding of the identity of the informant under the circumstances involved here rendered inadmissible the evidence found as a result of the search.

■ It is important to keep in mind that the warrant met all the statutory requirements. For example, the warrant and its supporting affidavit, considered together, named the assertedly guilty persons, particularly described the place to be searched and the property to be seized, and set forth facts tending to establish probable cause for believing that the property to be seized was being used as the means of committing a felony. The fact that the affidavit, which was made a part of the warrant, showed that reliance was placed upon information from an unnamed informant does not lead to a contrary conclusion. As we declared in *Priestly* v. *Superior Court,* 50 Cal.2d 812, 819-820 [330 P.2d 39], evidence of information from a reliable informant, in absence of a proper objection, may be sufficient to sustain a finding that the search was made with probable cause. ■ In other words, information from an informant who is shown to be reasonably reliable may have sufficient probative value to constitute probable cause for a search, and, as we shall see, the only grounds upon which such evidence has been rejected relate to matters of policy involving proper methods of law enforcement.

■ Probable cause for the issuance of a search warrant may be based on information furnished by an informant if the supporting affidavit also recites facts indicating that reliance on the information is reasonable. (*Arata* v. *Superior Court,* 153 Cal.App.2d 767, 772-773 [315 P.2d 473]; *People* v. *Acosta,* 142 Cal.App.2d 59, 63-64 [298 P.2d 29]; *cf. Willson* v. *Superior Court,* 46 Cal.2d 291, 294 et seq. [294 P.2d 36]; *People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535].) The warrant issued here meets this requirement since the affidavit presented to Judge Guerin contained statements by the officer of additional facts known to him which indicated that the informant was reliable and which corroborated some of the information. (*Cf. Jones* v. *United States,* 362 U.S. 257, 267, f.n. 2, 271-272 [80 S.Ct. 725, 4 L.Ed.2d 697] [affidavit showing similar corroboration].) ■ It is, of course, true that at the time of the issuance of the warrant defendants had no opportunity to object on the ground that the informant was unnamed, but there is nothing in any of the decisions indicating that a defendant should have such an opportunity before the search is made, and the matter does not relate to the validity of the warrant on its face. ■ Moreover, the magistrate who is asked to issue a warrant can, if he deems it necessary, require disclosure or ask that the informant be brought to him, and any rule requiring disclosure in the affi-

davit as a prerequisite to validity would tend to encourage searches without warrants.

It is undisputed that the evidence obtained as a result of the search was necessary in order to hold defendants to answer and that, without the communications received from the unnamed informant, the statements contained in the affidavit would not show probable cause for the issuance of the warrant. We must determine, therefore, whether a search made pursuant to a warrant valid on its face comes within the rule applicable to searches made without a warrant, namely, that where testimony as to communications of an informant is relied on at a preliminary hearing to show reasonable cause for a search, either the identity of the informant must be disclosed at the defendant's request or the testimony must be struck upon proper motion. (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 816 et seq. [330 P.2d 39].)

We stated in the Priestly case (50 Cal.2d at p. 818) that, if the testimony as to the communications of the informant is necessary to establish the legality of the search, the defendant must be permitted to ascertain the identity of the informant in order to have a fair opportunity to rebut the testimony, that otherwise the officer giving the testimony would become the sole and unimpeachable judge of what is probable cause to make the search, and that such a holding would destroy the exclusionary rule of *People* v. *Cahan,* 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513]. In the Cahan case we held that evidence obtained by officers illegally entering a house should be excluded because, notwithstanding the serious disadvantages of excluding probative evidence of the commission of a crime, a court should not lend its aid to illegal methods of obtaining evidence. In the words of the United States Supreme Court in the recent decision of *Elkins* v. *United States* (1960), 364 U.S. 206, 217 [80 S.Ct. 1437, 1444, 4 L.Ed.2d 1669, 1677], the purpose of such an exclusionary rule ''is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it.''

If a search is made pursuant to a warrant valid on its face and the only objection is that it was based on information given to a police officer by an unnamed informant, there is substantial protection against unlawful search and the necessity of applying the exclusionary rule in order to remove the incentive to engage in unlawful searches is not present. The warrant, of course, is issued by a magis-

trate, not by a police officer, and will be issued only when the magistrate is satisfied by the supporting affidavit that there is probable cause. He may, if he sees fit, require disclosure of the identity of the informant before issuing the warrant or require that the informant be brought to him. The requirement that an affidavit be presented to the magistrate and his control over the issuance of the warrant diminish the danger of illegal action, and it does not appear that there has been frequent abuse of the search warrant procedure. One of the purposes of the adoption of the exclusionary rule was to further the use of warrants, and it obviously is not desirable to place unnecessary burdens upon their use. The additional protection which would result from application of the Priestly rule in situations such as the one involved here would not offset the disadvantages of excluding probative evidence of crime and obstructing the flow of information to police. It follows from what we have said that where a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it.

There is, of course, nothing novel in the view that law enforcement officials may be in a more favorable position where a warrant is obtained than where action is taken without a warrant. For example, decisions of the United States Supreme Court show that, under the Fourth Amendment, even where there is probable cause, officers may not search a house without first obtaining a warrant unless there are exceptional circumstances such as a danger that the evidence will be removed or destroyed. (*Chapman* v. *United States,* 365 U.S. 610 [81 S.Ct. 776, 777 et seq., 5 L.Ed.2d 828] ; *Johnson* v. *United States,* 333 U.S. 10, 13 et seq. [68 S.Ct. 367, 92 L.Ed. 436].)

*People* v. *Berger*, 44 Cal.2d 459, 461-462 [282 P.2d 509], is distinguishable. In that case the court held inadmissible at trial evidence found upon a search made pursuant to a warrant which was similar to a general warrant, without any restriction on the area to be searched or the things to be seized, and which was therefore invalid on its face. Where a warrant does not comply with the essential statutory and constitutional requirements relating to particularity of description, it cannot properly be regarded as protecting against unlawful searches, and the policy of encouraging the use of warrants obviously does not contemplate the use of void warrants.

The conclusion we have reached does not affect the rule that a defendant is entitled to know the identity of an informant in a case where the informant is a material witness with respect to facts directly relating to the defendant's guilt. (*People* v. *McShann,* 50 Cal.2d 802, 806 et seq. [330 P.2d 33].)

The order setting aside the information is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.