[Civ. No. 10806. Third Dist. Oct. 8, 1964.]

RALPH H. WILLIAMS et al., Plaintiffs and Appellants, v. THE JUSTICE COURT FOR THE OROVILLE JUDICIAL DISTRICT OF BUTTE COUNTY, Defendant and Respondent.

88

Albert M. King and Ralph Irby White for Plaintiffs and Appellants.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Doris H. Maier, Assistant Attorney General, Edward A. Hinz, Jr., and Anthony S. DaVigo, Deputy Attorneys General, for Defendant and Respondent.

FRIEDMAN, J.—Appellants are nine individuals who either owned pinball machines, operated restaurants or taverns in which the machines were kept or were employed in these establishments. On March 25, 1963, law enforcement officers in Butte County filed affidavits with respondent justice court, seeking search warrants to permit entry into these establishments and seizure of the machines. The search warrants were signed and issued, then executed by the police, who took the machines into custody. Seven of the nine appellants filed applications in the justice court seeking to have the search warrants set aside and the machines returned to them. Copies of these applications were served on the Butte County district attorney and a hearing held on June 3, 1963, before the magistrate in the justice court. No evidence was offered or taken at this hearing. The magistrate denied the applications the same day.

Appellants then instituted the present mandate proceeding in the superior court. The superior court record reveals no evidence, oral or documentary, other than copies of the search warrants, of the affidavits on which they were issued and of papers indicating the institution of criminal proceedings against appellants. The latter now appeal from denial of the mandate petition.

Appellants' opening brief consists of a running argument which ignores the requirement that their appeal contentions be separately stated under appropriate headings. (Cal. Rules of Court, rule 15.) Our analysis reveals the following contentions:

(1) The affidavits on which the search warrants were issued failed to demonstrate probable cause for believing that the machines were being used in the commission of a crime; thus the warrants violated Penal Code section 1525, and the seizure violated constitutional bans on unreasonable searches and seizures, depriving appellants of privacy and property without due process of law.[1]

(2) Due process was denied and Penal Code section 1539 violated by the magistrate's failure to take evidence and make factual determinations in the proceeding for restoration of the seized machines.[2]

(3) The warrants were defective in permitting police retention of the pinball machines and violated statutory directions for bringing the seized property before the magistrate.[3]

---

[1]Penal Code sections 1523, 1524, and 1525 provide:

1523. "A search warrant is an order in writing, in the name of the people, signed by a magistrate, directed to a peace officer, commanding him to search for personal property, and bring it before the magistrate."

1524. "A search warrant may be issued upon any of the following grounds:

". . . . . . . . . .

"3. When the property or things are in the possession of any person with the intent to use it as a means of committing a public offense, or in the possession of another to whom he may have delivered it for the purpose of concealing it or preventing its being discovered."

1525. "A search warrant cannot be issued but upon probable cause, supported by an affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

[2]Penal Code sections 1539 and 1540 provide:

1539. "If the grounds on which the warrant was issued be controverted, he [the magistrate] must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the manner prescribed in section [869]."

1540. "If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken."

[3]Penal Code section 1528 states: "If the magistrate is thereupon satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to a peace officer in his county, commanding him forthwith to search the person or place named, for the property or things specified, and to retain such property or things in his custody subject to order of the court as provided by section 1536."

(4) The affidavits and warrants were void for failure to name or describe the person to be searched.[4]

(5) Some of the machines were operated within the City of Oroville, others in unincorporated territory. As to the former, there is a contention that the City of Oroville had previously licensed the machines under a municipal ordinance and is now estopped to maintain a criminal prosecution.

Typical of the affidavits serving as basis for issuance of the search warrants is the following:

"*Benjamin Jimenez,* being first duly sworn, deposes and says:

"That on or about the *25th* day of *March,* 19*63,* in the City of *Oroville* County of Butte, State of California, the crime of *violation of Sections 330 and 330b, California Penal Code,* to wit: *possession of multiple-coin operated pinball machines, and carrying-on of prohibited gambling transactions* was committed by *persons in control of premises hereinafter described* in the manner following, to wit: *possession of said illegal machines, and pay-off in money or its equivalent to persons using or playing said machines.*

"That affiant has, and there is, just, probable and reasonable cause to believe, and he does believe, that there are now in the possession of (*not applicable*) and in and upon the premises known and designated as and commonly called *Sandwich Wagon, 3114 Palermo Road, Oroville, Calif.* in the said County of Butte, State of California, including all rooms and buildings used in connection with said premises and adjoining the same, certain articles, items and property *in the possession of persons with intent to use it as a means of committing a public offense, to wit: violation of Pen. Code 330 and 330b as hereinabove indicated.*

"That the said articles and property are described particularly as follows, to wit: *multiple-coin operated pinball machines, and a small container or box containing paper slips which have recorded thereon numbers and writing relating to pay-offs made in gambling transactions involving said machines.*

"That the following facts establish the existence of grounds for the issuance of a search warrant for the search of the person of said (*not applicable*), for the search of said premises and buildings, and, further, establish probable cause for believing that said grounds exist: *investigation by police*

---

[4]See Penal Code section 1525 (fn. 1, *supra*) and section 1528 (fn. 3, *supra*).

*officers and agents has disclosed the existence and location of said machines and their use in the transactions indicated above.*

"Wherefore affiant prays that a search warrant issue commanding that an immediate search be made of the person of the said (*not applicable*) and the premises and building described herein for the articles and property above described and that the same be brought before a magistrate and disposed of according to law."[5]

The affidavits signed by Benjamin Jimenez identify him only by name, but the search warrants identify him as a sergeant in the sheriff's office of Butte County. Other affidavits were signed by Robert Phippen, identified on the search warrants as captain and acting chief of police of the Oroville Police Department. While the affidavits describe the pinball machines by the phrase "multiple-coin operated," the warrants use that phrase and the additional description "multiplay."

For our purpose it is necessary only to summarize the Penal Code provisions mentioned in the affidavits. Section 330 is the general gaming statute, prohibiting participation in certain games described by name or in "any banking or percentage game played with cards, dice, or any device, . . ." Penal Code section 330b, subdivision (1), prohibits possession or keeping of any "slot machine or device as hereinafter defined, . . ." Subdivision (2) of that section defines the forbidden article as one "adapted, . . . for use in such a way that, as a result of the insertion of any piece of money or coin or other object, or by any other means, such machine . . . is caused to operate or may be operated, and by reason of any element of hazard or chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, . . . or right to use such slot machine or device, . . ." Subdivision (4) of section 330b expressly excepts "pin ball, and other amusement machines or devices which are predominantly games of skill, . . ."

We reach the question whether the affidavits on their face demonstrate probable cause for a belief that the seized machines were being used as a means of committing a public offense denounced by the Penal Code.

---

[5] Italicized portions of the affidavit represent insertions in blank spaces on the affidavit form.

*Probable Cause.*

Section 1525 of the Penal Code (fn. 1, *supra*) is a statutory expression of constitutional requirements that warrants be issued only upon a sworn statement of probable cause. (U.S. Const., 4th Amend.; Cal. Const., art I, § 19.) ██ The concept of probable cause for a search warrant is approximately the same as that which justifies an arrest without a warrant or the filing of a felony accusation: " '. . . such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' " (*Perry* v. *Superior Court*, 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Aday*, 226 Cal.App.2d 520, 531-533 [38 Cal. Rptr. 199]; *People* v. *Perez*, 189 Cal.App.2d 526, 532 [11 Cal. Rptr. 456].) ██ In measuring sufficiency of a search warrant affidavit, the magistrate—as well as a court reviewing his determination—does not decide whether the offense was in fact committed, but only whether the person making the affidavit had reasonable grounds to believe that the law was being violated on the premises to be searched. (*Arata* v. *Superior Court*, 153 Cal.App.2d 767, 773 [315 P.2d 473].) ██ The magistrate's action in issuing a search warrant is an ex parte decision that probable cause has been shown. (*Aday* v. *Superior Court*, 55 Cal.2d 789, 799 [13 Cal.Rptr. 415, 362 P.2d 47].) ██ Immediately following the seizure, the owner or claimant may challenge sufficiency of the affidavit on its face by controverting the warrant under Penal Code sections 1539 and 1540 (fn. 2, *supra*). In that proceeding he may also challenge the truth of the affidavit, for example, by evidence aimed to show that the seized article is not contraband. (*People* v. *Keener*, 55 Cal.2d 714, 719 [12 Cal.Rptr. 859, 361 P.2d 587]; *Aday* v. *Superior Court, supra*, 55 Cal.2d at pp. 799-800; *Dunn* v. *Municipal Court*, 220 Cal.App.2d 858, 866-867 [34 Cal.Rptr. 251].) He may seek an extraordinary writ such as mandamus to secure return of the property when the magistrate has erroneously denied the relief sought under sections 1539 and 1540. (*Aday* v. *Superior Court, supra*, 55 Cal.2d at pp. 799-800; *Dunn* v. *Municipal Court, supra*, 220 Cal.App.2d at p. 867.)

Appellants did avail themselves of the opportunity provided by sections 1539 and 1540 to attack sufficiency of the affidavits on their face. The magistrate then denied relief. Sufficiency of the averments of probable cause is appropriately at issue in this proceeding. (*People* v. *Keener, supra*, 55 Cal. 2d at p. 720.)

Appellants point out that misdemeanor complaints filed against several of them after seizure of the machines were amended to drop all reference to Penal Code section 330, although that was one of the two statutes mentioned in the search warrant affidavits. We can dispose of the probable cause issue without reference to more than one crime. Thus we consider sufficiency of the affidavits in connection with the slot machine possession offense denounced by Penal Code section 330b, which is the other section mentioned in the affidavits. Parenthetically, we note that slot machines, as defined by statute, constitute contraband, being subject to confiscation. (See Pen. Code, §§ 330.1 through 330.5.)

The phrase "slot machine" evokes an image of the familiar one-armed bandit whose thirsty mouth sucks an unremitting flow of California coin to the east, up and over the hump of the Sierra Nevadas and across the southern deserts. Penal Code section 330b draws a more inclusive image, an artificially defined category which may embrace many devices other than the familiar prototype. A pinball machine may fall within the artificial statutory definition of "slot machine or device" when it operates as a game of chance. We reject appellants' assertion that subdivision (4) of section 330b excludes pinball machines as such. ■ Subdivision (4) has been authoritatively construed to exclude pinball machines when they are predominantly games of skill rather than chance. (*Sharpensteen* v. *Hughes,* 162 Cal.App.2d 381, 386-387 [328 P.2d 54]; hearing in S.Ct. denied.)

■ In summary, the affidavits of Sergeant Jimenez and Captain Phippen state that unnamed persons at designated locations possessed "multiple-coin operated" pinball machines and that persons playing these machines received gambling payoffs in money or its equivalent; that the affiant had a belief that these machines, together with boxes of paper slips recording gambling payoffs, were kept at the described places with the intent to violate section 330b; that this belief was based upon investigation and disclosure by police officers and agents.

Apparently the affidavits were not based upon personal observation or information, but upon information received from other persons. ■ Probable cause for the issuance of a search warrant may arise from information furnished by an informant who is not identified by name if the supporting affidavit also recites facts indicating that reliance on the information is reasonable. (*People* v. *Keener, supra,* 55 Cal.2d

at pp. 721-723; *Dunn* v. *Municipal Court, supra,* 220 Cal. App.2d at pp. 870-871.) ██ Investigation, surveillance or observation by the police as reported to the affiant, justifies reliance and may form the foundation for belief amounting to probable cause. (*Dunn* v. *Municipal Court, supra,* 220 Cal. App.2d at p. 873; *Arata* v. *Superior Court, supra,* 153 Cal. App.2d at p. 775; see cases collected in *People* v. *Prieto,* 191 Cal.App.2d 62, 69 [12 Cal.Rptr. 577].) ██ The affidavits of Jimenez and Phippen, typified by the affidavit quoted above, set forth ample facts emanating from a reliable source and justifying the affiants' probable cause for believing that pinball machines at the designated premises were being kept and operated as gambling devices in violation of Penal Code section 330b. As to the element of probable cause, the affidavits were sufficient on their face, justified the search warrants and justified rejection of appellants' applications under Penal Code sections 1539-1540.

*Adequacy of Proceedings to Review Search Warrants.*

In this court appellants contend that the seized machines were predominantly games of skill rather than chance, or at least that the magistrate should have taken evidence on that score. They point to the requirement of Penal Code section 1539, that, when grounds for the search warrant are controverted, the magistrate "must proceed to take testimony in relation thereto," which testimony must be reduced to writing.

██ Section 1539 has never been construed, nor do we construe it, to require the magistrate to conduct an investigation and hearing transcending the issues raised by the claimant. The hearing is held before a magistrate, not an inquisitor. He need not collect evidence other than that offered to him. As we have noted, the claimant who "controverts" under section 1539 may do so by challenging sufficiency of the papers and also by traversing the truth of the search warrant affidavit. If he pursues only the first alternative, nothing in section 1539 requires the magistrate to peer behind the face of the papers. Since appellants limited their attack to the facial sufficiency of the papers, the magistrate gave them all they sought and all that sections 1539-1540 required of him.[6]

---

[6]The central allegation of each of the applications or motions filed with the magistrate was as follows: "That the property so seized by said officer was taken from the deponent in violation of his constitutional rights relating to search and seizure and to the deprivation of property without due process of law in that said warrant authorizing such search and seizure was issued without probable cause and without legal and

In a criminal case the burden of establishing invalidity of a search warrant is on the defendant. (*People* v. *Phillips,* 163 Cal.App.2d 541, 546 [329 P.2d 621]; *People* v. *Acosta,* 142 Cal.App.2d 59, 62 [298 P.2d 29].) Applied to a proceeding under Penal Code section 1539, the same concept throws upon the claimant of seized property the burden of producing evidence that the articles are not contraband in fact. (Cf. *Jones* v. *United States,* 362 U.S. 257, 261 [80 S.Ct. 725, 731, 4 L.Ed.2d 697, 702, 78 A.L.R.2d 233, 239]; *Rogers* v. *United States,* 330 F.2d 535, 542.) It was incumbent upon appellants to demonstrate that the machines were predominantly games of skill.

The issue of gambling versus skill is largely factual. As to some games and devices the question cannot be resolved without a hearing and evidence. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260 [246 P.2d 656].) Other games, such as contract bridge, are so standardized that a court may approach and decide the issue by resort to encyclopedias and texts, although even in that area disagreement is possible. (See *In re Allen,* 59 Cal.2d 5 [27 Cal.Rptr. 168, 377 P.2d 280].) Too, some kinds of gambling paraphernalia are easily identified as contraband. (*Aday* v. *Municipal Court,* 210 Cal.App.2d 229 at p. 248 [26 Cal.Rptr. 576].) From our admittedly sparse knowledge, pinball machines offer no such standardization or ease of characterization. The species is quite heterogeneous, comprising multitudinous variations, mutations and subspecies. The imagination and ingenuity of designers and manufacturers have spawned a marvelous and varied array of mechanisms featuring different colors, lights, balls, bells, springs, bumpers, traps, angles of inclination, scoring holes and scoring systems. (See note, 135 A.L.R. 104, 149-156.) Which of the two crucial elements, chance or skill, plays the predominant role may turn on subtle variations in design and operating characteristics. The judgment can be reached only by considering evidence. Apart from the issue of probable cause, appellants' success in securing return of the seized machines depended essentially upon a demonstration that the affidavits were untrue, that is, that the machines were not actually contraband gambling devices. To make that demon-

sufficient affidavits or evidence being taken and that [*sic*] is incomplete and insufficient in that it does not particularly describe the property to be taken or the person from whom it is to be taken and said warrant is not in the form prescribed by law.''

stration they had the burden of producing evidence. They did not do so.[7]

■ Having failed to challenge the truth of the factual contents of the affidavits before the magistrate, appellants are precluded from doing so here. (*Dunn* v. *Municipal Court, supra,* 220 Cal.App.2d at p. 867; *Arata* v. *Superior Court, supra,* 153 Cal.App.2d at p. 770; see also *People* v. *Keener, supra,* 55 Cal.2d at p. 719.)

■ Due process of law entitles the claimant of seized property to an early court hearing to determine whether the articles were subject to seizure. The determination may be had in advance of the trial of the criminal action which ordinarily follows the seizure. The purpose of Penal Code sections 1539 and 1540 is to provide the owner of seized property with a readily accessible court to pass on lawfulness of the seizure. By offering the claimant an opportunity for challenge under sections 1539-1540 and review of an unfavorable decision by prerogative writ, the state satisfies the demands of due process. Such are the concepts enunciated in *Marcus* v. *Search Warrant of Property,* 367 U.S. 717, 731-733 [81 S.Ct. 1708, 6 L.Ed.2d 1127]; *Aday* v. *Superior Court, supra,* 55 Cal.2d at pp. 799-800; *People* v. *Aday, supra,* 226 Cal.App. 2d at pp. 529-531; *Aday* v. *Municipal Court, supra,* 210 Cal.App.2d at pp. 248-249; see also *In re Harris,* 56 Cal.2d 879, 883-884 [16 Cal.Rptr. 889, 366 P.2d 305] (concurring opinion).

Appellants assert that the magistrate's failure to conduct a factual inquiry deprived them of due process of law, citing *Aday* v. *Superior Court, supra,* 55 Cal.2d 789, and *Aday* v. *Municipal Court, supra,* 210 Cal.App.2d 229. These decisions lend no support to appellants' constitutional argument. In the former case, due process was choked off in midcourse when the seized property was removed to another county before the challenge under section 1539 could be heard. In the latter,

---

[7]Respondent too would eschew evidence, but in an attempt to convince the court that the machines are gambling devices in fact. Respondent equates a ''multi-coin operated'' machine with a ''multi-play'' pinball machine, previously held by the Attorney General to constitute a slot machine. (37 Ops. Cal. Atty. Gen. 126.) The record before us is devoid of any evidence of the design or operation of any machine bearing either of these descriptions. Certain kinds of contraband such as narcotics or obscene books may be sufficiently identified by a name or title. (See, for example, *People* v. *Aday, supra,* 226 Cal.App.2d at p. 532.) In view of wide variations among pinball machines, assumption of identity based upon a label or catchword description would be a risky business.

the magistrate refused to entertain evidence that the seized books were not obscene (contraband). In both these cases there was an active denial of due process. Here, however, the claimants chose to present a relatively narrow issue to the magistrate. ▇▇▇ Due process required that factual issues be answered only if raised and not otherwise. Appellants did not attack the truth of the affidavits and offered no evidence that the pinball machines were not designed or operated as gambling devices. Their legal challenge was promptly heard and promptly denied. They were not refused an opportunity to offer evidence on a controlling issue, were not denied a prompt ruling and there was no prolonged sequestration of the property pending a ruling. (Cf. *Aday* v. *Municipal Court, supra,* 210 Cal.App.2d at pp. 248-249.) Since appellants had adequate remedies to litigate the contraband character of the machines as well as the issue of probable cause, no denial of due process occurred.

### Physical Disposition of Property Seized Under Search Warrant.

The pinball machines were seized under warrants which did not direct their delivery to the magistrate, but rather ordered the officers to retain custody subject to court order. Appellants contend that the warrants were void for noncompliance with Penal Code sections 1523 and 1529. The former section defines a search warrant as an order directing the officer to bring the property before the magistrate. Section 1529 sets out a search warrant exemplar which, after the property description, states: ". . . and if you find the same or any part thereof, to bring it forthwith before me at (stating the place)."

▇▇▇ Notwithstanding seeming noncompliance with sections 1523 and 1529, the warrants nevertheless complied with law. Sections 1528 and 1536 of the Penal Code at one time contained statements indicating that property seized under search warrant was to be brought to the magistrate. By Statutes of 1957, chapter 1885, both these sections were amended to direct that property be retained by the seizing officer, subject to court order.[8] Neither in 1957 nor there-

---

[8]Section 1528, as amended, is quoted at footnote 3, *supra*. The post-1957 version of section 1536 is as follows: "All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable."

after were parallel amendments made to sections 1523 and 1529, both continuing to retain the original directions for delivery of the property to the magistrate. The amended and the unamended sections are in direct conflict, since a warrant cannot comply with one set of directions without literal violation of the other. The amended provisions of sections 1528 and 1536 cannot operate concurrently with the earlier provisions of sections 1523 and 1529; thus the latter must yield to the former as the later expression of legislative intent. (*People* v. *Thomas*, 58 Cal.2d 121, 127 [23 Cal.Rptr. 161, 373 P.2d 97]; *People* v. *Temple*, 203 Cal.App.2d 654, 657 [21 Cal. Rptr. 622].)

Appellants have a counterargument. They point out that section 1529 was amended in 1961 (four years following the amendment of sections 1528 and 1536) and that the direction to bring the property before the magistrate was repeated in the 1961 amendment. That amendment, appellants say, operated in turn to negative the 1957 amendments to sections 1528 and 1536.

The 1961 amendment of section 1529 effected a mechanical change which is not pertinent to our inquiry. That part of section 1529 which is pertinent remained unchanged. When only part of a statute is amended, the unchanged portion is regarded as a continuation of existing law. (Gov. Code, § 9605.) The 1961 change manifested no legislative intent to alter the operation of sections 1528 and 1536. Directly in point is *People* v. *Thomas, supra,* 58 Cal.2d at page 127, which rejects the notion that an irrelevant amendment of a code section manifests a legislative intent to revive language previously superseded by implication. Thus appellants' counterblow does not impair the vigor of sections 1528 and 1536, which continue to dominate over the inconsistent provisions of sections 1523 and 1529. It is enough that the directions for disposition of the seized articles complied with sections 1528 and 1536.

### Other Contentions.

The warrants before us were directed at the search of specifically described premises and the seizure of designated articles. They designate no person as owner or custodian of the premises or articles. There is no merit to appellants' contention that the warrants were void for failure to name or describe some person. The conjunctive language of

section 1525 (". . . naming or describing the person, and particularly describing the property and place . . .") lends a weak crutch to the contention. Companion provisions of the Penal Code (§§ 1528, 1529, 1533) refer to person and place in the alternative, demonstrating that a warrant addressed to the search of a house or other place need not name the owner or custodian of the place or of the articles to be seized. Were it otherwise, the law would frustrate the seizure of known contraband pending identification of some person connected with it. Constitutional concepts condemn "general" warrants which impose little or no restriction on the area to be searched, the thing to be seized or the person to be arrested. (*Marcus* v. *Search Warrant of Property, supra,* 367 U.S. at pp. 728-729 [81 S.Ct. at pp. 1714-1715, 6 L.Ed.2d at pp. 1134-1135] ; *People* v. *Berger,* 44 Cal.2d 459, 461 [282 P.2d 509] ; *In re Schaefer,* 134 Cal.App. 498, 499-500 [25 P.2d 490].) The present warrant restricts search to designated places and seizure to designated articles.

The record does not reveal that appellants' estoppel argument was invoked prior to this appeal or that any of the appellants actually paid license fees to the City of Oroville on machines which were later seized. There is no merit to the estoppel argument, however. There is not the slightest showing that appellants were misled. Ordinance No. 800 of the City of Oroville, a copy of which is attached to the mandate petition, imposes a license tax on machines falling within a category called "Automatic Chance and/or Skill Devices." Quite aside from questions of preemption, the City of Oroville could not license what state law prohibited. (*In re Portnoy,* 21 Cal.2d 237 [131 P.2d 1].) Section 9 of the Oroville ordinance expressly declares what would be true in any event, that the ordinance was not to be construed to permit machines which violated state law. Appellants cannot claim that they paid license fees to the city in the belief that they were fortified from the antigambling laws of the state.

Further, the City of Oroville is not a party to this proceeding or to the criminal prosecution of appellants. The search warrants were issued in the name of the People. (Pen. Code, § 1529; Gov. Code, § 100.) The criminal prosecutions were instituted in the name of the People for violation of state law. (Cal. Const., art. VI, § 20; Pen. Code, § 684.) The prosecution is conducted by the district attorney, and the municipality of Oroville has nothing to do with it. (Gov.

Code, § 26500.) Invocation of estoppel against an absent party can have no effect upon these proceedings.

Judgment affirmed.

Pierce, P. J., and Van Dyke, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 2, 1964.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.