[Civ. No. 22954. First Dist., Div. One. Mar. 4, 1966.]

ROBIN EUGENE SAUNDERS, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE VALLEJO JUDICIAL DISTRICT OF SOLANO COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Garry, Dreyfus & McTernan, Charles R. Garry and Donald L. A. Kerson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Real Party in Interest and Respondent.

MOLINARI, J.—Appellant, Robin Eugene Saunders, appeals from a judgment of the Solano County Superior Court denying his application for a writ of mandate directing the municipal court to quash a search warrant on the ground that it was invalidly issued. Appellant's sole contention is that the affidavit supporting the search warrant is insufficient on its face to establish probable cause.

On April 13, 1965, based on an affidavit of Sergeant Raymond Allbritton of the Vallejo Police Department, the Municipal Court of the Vallejo Judicial District, County of Solano, issued a search warrant authorizing a search of appellant's house for containers of marijuana. Pursuant to this warrant, a search was made of appellant's house; incriminating evidence was discovered; and appellant was arrested and charged with violations of Health and Safety Code sections 11500 (possession of a narcotic other than marijuana) and 11530 (possession of marijuana). On April 29, 1965, prior to the prelimi-

nary hearing, appellant moved the municipal court to quash the search warrant on the ground that the affidavit was insufficient on its face to establish probable cause for the issuance of the warrant.* This motion was denied, following which appellant brought the instant action seeking a writ of mandate to compel the municipal court to quash the search warrant.

In determining the sufficiency of the subject affidavit we must be guided by the following principles: Penal Code section 1525, consonant with article I, section 19 of the California Constitution, provides that a search warrant may be issued by a magistrate only upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property to be seized and the place to be searched. (*People* v. *Keener,* 55 Cal.2d 714, 719 [12 Cal.Rptr. 859, 361 P.2d 587]; *Galena* v. *Municipal Court,* 237 Cal.App.2d 581, 586 [47 Cal.Rptr. 88].) ''The affidavit for the warrant 'must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist.' (Pen. Code, § 1527.) The magistrate must issue the warrant only if he is satisfied of the existence of the grounds of the application or 'that there is probable cause to believe their existence, . . .' (Pen Code, § 1528.)'' (*Galena* v. *Municipal Court, supra,* p. 586.) ''[T]he standard or test of probable cause is approximately the same as that applicable to an arrest without a warrant, a commitment by a magistrate or an indictment by a grand jury [citations], namely, 'such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused.' [Citations.] Facts stated in the affidavit are relevant on the issue of probable cause, irrespective of whether they are stated positively or on information and belief. [Citations.]'' (*People* v. *Govea,* 235 Cal.App.2d 285, 296 [45 Cal.Rptr. 253].)

 It is also well settled that a reviewing court cannot hold that a search warrant must be quashed unless the affidavit upon which it is based is insufficient, as a matter of law, to establish probable cause since ''It is the function of the trier of the facts, not that of a reviewing court, to appraise and weigh the evidence when presented by affidavit as well as when presented by oral testimony.'' (*Arata* v. *Superior*

---

*Appellant also made a motion to examine witnesses pursuant to Pen. Code, §§ 1539 and 1540. That motion was continued, as was the preliminary examination, pending the determination of this writ.

*Court,* 153 Cal.App.2d 767, fn. p. 772 [315 P.2d 473], and cases cited therein; *Dunn* v. *Municipal Court,* 220 Cal.App.2d 858, 869 [34 Cal.Rptr. 251]; *People* v. *Prieto,* 191 Cal.App.2d 62, 68 [12 Cal.Rptr. 577].)

Turning to the affidavit in the instant case in the light of the foregoing principles, we note that the affiant, after stating that he "has been connected with the investigation of one Robin Eugene Saunders, Jr., regarding the possession of Marijuana," avers that he had reasonable cause to believe that containers of marijuana were located at 819-A Kentucky Street in the City of Vallejo upon information received from one Algene Garcia and one Diana Moore that they personally observed marijuana on said premises and were given marijuana by said Robin Eugene Saunders, Jr. As to that portion of the affidavit which states that Allbritton relied upon information procured from Algene Garcia and Diana Moore, such information cannot alone constitute probable cause for the issuance of a warrant without a further showing of the reasonableness of police reliance upon it. (*Dunn* v. *Municipal Court, supra,* p. 870; *People* v. *Prieto, supra,* p. 69; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294-295 [294 P.2d 36].) As the Supreme Court stated in the *Willson* case, "evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the identity of, or past experience with, the informer may provide such evidence [citation] and in others it may be supplied by similar information from other sources or by the personal observations of the police." (Pp. 294-295.) In *People* v. *Cedeno,* 218 Cal.App.2d 213, 220 [32 Cal.Rptr. 246], we noted that "the reliability of the informant may be shown not only by past experience with the informant, but also may be substantiated by the proven accuracy of the information given by the informant and which the officers from other sources know is accurate. This substantiation may be supplied by substantial corroborative facts known or discovered. [Citations.]" In any event, in determining reasonableness, there is no exact formula by which a court may be guided; rather each case must be decided on its own facts and circumstances and on the total atmosphere of the case. (*Dunn* v. *Municipal Court, supra,* pp. 870-871; *People* v. *Cedeno, supra,* p. 220; *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].)

In the instant case there are no facts stated in Allbritton's affidavit to show that he knew either of the informants or that

he had had any past dealings with them upon which to base a belief that the information which they provided him was reliable. Respondents, however, argue that the reliability of the informants is sufficiently substantiated by the police investigation referred to in the affidavit and also by the fact that "there were *two* informers, not one, and their reports obviously corroborated one another." As to the latter argument, we note that while the information received from either Algene Garcia or Diana Moore might have been corroborated by information independently received from the other so as to clothe the first informant with the indicia of reliability, Allbritton's affidavit does not indicate that the information received from the two informants was independently received. (See *Dunn* v. *Municipal Court, supra,* pp. 871-872; *People* v. *Prieto, supra,* p. 70; *People* v. *Tillman,* 238 Cal.App.2d 134, 138 [47 Cal.Rptr. 614].) We do not perceive that because two nonreliable informants join in giving information to a police officer that joinder supplies the element of reliability. As pointed out by Justice Tobriner in *Ovalle* v. *Superior Court,* 202 Cal.App.2d 760, 763 [21 Cal.Rptr. 385], "The quantification of the information does not necessarily improve its quality; the information does not rise above its doubtful source because there is more of it."

Respondents also rely on the cases of *Willson* v. *Superior Court, supra,* 46 Cal.2d 291, and *People* v. *Gamboa,* 235 Cal. App.2d 444 [45 Cal.Rptr. 393]. In *Willson,* where the court was faced with the legality of an arrest without a warrant and a search made incident to that arrest, it was held that the arresting officer's observation of suspicious activities on the part of the petitioner immediately prior to her arrest corroborated the information related to the police by a single unknown informant. That case is clearly distinguishable from the facts of the instant case.

In *Gamboa,* the appellate court upheld the defendant's arrest and the incident search of his apartment based on the following information obtained by the police prior to the arrest and search: the arresting officer had been advised by an informant whose name the officer did not divulge but whom the officer characterized as "reliable" that the defendant was dealing in narcotics and had sold to a woman named Valjean Vallejo and two other named persons; similar information was received by the police a few days later from a second "reliable," although unnamed, informant; the arresting officer

interrogated Valjean, who corraborated the information supplied by the informants and gave the officer the defendant's full name, address, telephone number, and the description of his automobile; further investigation by the police verified Valjean's information as to the defendant's address, telephone number, and automobile; finally both the defendant's present and former landladies advised the arresting officer that the defendant regularly received a stream of visitors who came and went at all hours, staying only briefly at the defendant's apartment. Concluded the appellate court, "When all the information, except that from the landladies, weighed as 'non-reliable' is put together, we think that probable cause existed. The totality of information, coming from a number of independent sources, may be sufficient even though no single item meets the test.'' (Pp. 447-448.)

It is apparent that *Gamboa* is likewise readily distinguishable from the instant case since the information received from the two anonymous informants was shown to be reliable by other substantial corroborative facts discovered by the police. In the instant case the information purportedly received is not described with any detail or specificity; nor was this information substantiated by either the proven accuracy of the information given or corroborative facts known or discovered.

The contention that substantiation of the reliability of the two informants is supplied in the statement in the affidavit that Allbritton "has been connected with the investigation of one Robin Eugene Saunders, Jr., regarding the possession of Marijuana" is without merit. There is nothing in the affidavit to show the nature and extent of Allbritton's connection with the investigation or whether, as a result of his connection with the investigation, he was in possession of any corroborative facts known or discovered which impressed the informants with the badge of reliability. In the absence of any statement of such facts it is reasonable to assume from a reading of the affidavit that Allbritton's connection with the investigation consisted of no more than the information imparted to him by the informants.

Respondents' reliance upon *Williams* v. *Justice Court*, 230 Cal.App.2d 87 [40 Cal.Rptr. 724], wherein the reviewing court upheld the issuance of a search warrant based upon an affidavit which averred that " 'investigation by police officers and agents has disclosed the existence and location of . . . [contraband]' '' (p. 93; italics omitted), is misplaced. The hold-

ing in *Williams* is predicated upon the rationale that the affiant was acting with probable cause because the essence of the averment made by him was that he was acting upon information received from reliable informants, that is, the police and law enforcement agents. This rationale is stated thusly: "Investigation, surveillance or observation by the police as reported to the affiant, justifies reliance and may form the foundation for belief amounting to probable cause. [Citations.]" (P. 96; see *Dunn* v. *Municipal Court, supra,* p. 873; *Arata* v. *Superior Court, supra,* 153 Cal.App.2d 767, 775; *People* v. *Prieto, supra,* p. 69.) Allbritton's affidavit, in contrast to that in the *Williams* case, merely averred that he "has been connected with the investigation" of appellant. Without additional facts as to what investigation took place and whether such investigation consisted of personal surveillance and observation on the part of the police—as distinguished from mere reliance on the information received from the two informants—such averment is insufficient to establish probable cause for the search or to corroborate the information received by Allbritton from the two informants. As Justice Douglas stated in his concurring and dissenting opinion in *Jones* v. *United States,* 362 U.S. 257, 273 [80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233], "The magistrate should know the evidence on which the police propose to act. Unless that is the requirement, unless the magistrate makes his independent judgment on all the known facts, then he tends to become merely the tool of police interests." (See also *Giordenello* v. *United States,* 357 U.S. 480, 486 [78 S.Ct. 1245, 2 L.Ed.2d 1503] ; *Aguilar* v. *Texas,* 378 U.S. 108, 111 [84 S.Ct. 1507, 12 L.Ed.2d 723] ; *State* v. *Macri,* 39 N.J. 250 [188 A.2d 389, 396].)

It should be here noted that the court below, in its memorandum opinion, indicated that it did not consider the statement, in and of itself, that Allbritton received information from Garcia and Moore that they observed marijuana on the subject premises and were given marijuana by defendant sufficient for the issuance of the warrant. As stated in its opinion the trial court, relying in part on the *Williams* and *Jones* cases upheld the issuance of the warrant on the basis that Allbritton's averment that he was "connected with the investigation" of appellant contains the inference of "personal observation and surveillance of suspicious activity." For the reasons above set out we find no basis for such an inference.

In view of the foregoing, we conclude that Allbritton's

affidavit did not establish the probable cause necessary for the issuance of a search warrant an'd that the court below erred in denying appellant's application for a writ of mandate directing the municipal court to quash the search warrant which it had issued on the basis of this affidavit.

The judgment is reversed with directions to the trial court to issue a peremptory writ of mandate directing respondent municipal court to vacate and set aside its previous order denying the motion to quash the search warrant and to make its order quashing said search warrant.

Sullivan, P. J., an'd Sims, J., concurred.