[Crim. No. 7671. First Dist., Div. One. Dec. 9, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK RAY SHERIDAN, Defendant and Appellant.

484

## COUNSEL

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Eric Collins and George R. Nock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—The appeal here is from a judgment entered upon defendant Sheridan's plea of guilty to a violation of Health and Safety Code section 11530 (possession of marijuana).

His claims of error result from a ruling of the superior court in special proceedings taken under Penal Code section 1538.5, to suppress the essential evidence upon which the charge to which he later pleaded guilty was based. The contentions on those proceedings apparently were that the seizure of the subject evidence on a search warrant was unreasonable because (1) the warrant was insufficient on its face (§ 1538.5, subd. (2), subsec. (i)); (2) there was in fact no probable cause for the issuance of the warrant (§ 1538.5, subd. (2), subsec. (iii)); and (3) the method of execution of the warrant violated federal or state constitutional standards (§ 1538.5, subd. (2), subsec. (iv)).

We shall first discuss the contention that there was in fact, as distinguished from the proof of the declaration supporting the search warrant, no probable cause for its issuance.

The evidence produced in the superior court special proceedings appears to have been based upon that found in the transcript of Sheridan's preliminary examination, and the earlier declaration of sheriff's investigator Harold K. Snook given in support of the search warrant. From these documents, as pertinent, it appears that the following information was known to Napa County sheriff's officers when on May 22, 1968 they obtained the subject warrant.

David W. Jones was a citizen of Napa County who was married, gainfully employed, and a nephew of an investigator of the county district attorney's office. He had been a user of marijuana, as a result of which he had knowledge of "the basic characteristics" of that material and was able "to tentatively identify" it. On or after May 2, 1968, Jones related to Investigator Snook that on May 2, 1968, at a residence known as 1184 White Lane, St. Helena, he had observed (1) a quantity of green vegetable matter in a transparent glass jar which he believed to be marijuana; (2) a large transparent glass bottle containing a quantity of what he believed to be marijuana seeds; and (3) a "male subject exit a vehicle [with license VYJ 538], at 1184 White Lane and hand a package of unknown substance to another male subject also at this location in exchange for which he received an undetermined amount of currency." The vehicle with license VYJ 538 was registered to a person who had been convicted of selling restricted dangerous drugs. One Roy Alan Burch had previously been arrested for a narcotics violation. On May 13, 1968, he advised officers of the sheriff's office that within the previous 30 days he had observed occupants of the 1184 White Lane residence in possession of marijuana, and that he was familiar with the general characteristics of that substance. The respective reports of Jones and Burch appear to be in no way related or made in concert.

■ Our first task is to determine if the information set forth above and known to the sheriff's officers was sufficient to establish probable cause for the search of the 1184 White Lane premises. In making this determination we are, of course, bound by the now well known *Aguilar* "two-pronged test." (See *Aguilar* v. *Texas,* 378 U.S. 108, 114 [12 L.Ed.2d 723, 728, 84 S.Ct. 1509]; *Spinelli* v. *United States,* 393 U.S. 410, 413 [21 L.Ed.2d 637, 641, 89 S.Ct. 584].)

Following *Aguilar,* California courts have held "that for an affidavit based on an informant's hearsay statement to be legally sufficient to support the issuance of a search warrant, two requirements must be met: (1) the affidavit must allege the informant's statement in language that is factual rather than conclusionary and must establish that the informant spoke with personal knowledge of the matters contained in such statement; and (2) the affidavit must contain some underlying factual information from which

the magistrate issuing the warrant can reasonably conclude that the informant was credible or his information reliable." (*People* v. *Hamilton* 71 Cal.2d 176, 179-180 [77 Cal.Rptr. 785, 454 P.2d 681].)

■ The first "prong" of the *Aguilar* test is blunted here; each of the informants related that he personally had seen contraband narcotics on the subject premises. The remaining tine poses the question: Could a magistrate reasonably conclude from the totality of information that the statements of one or both of the informants was credible?

Neither informer may be considered a so-called "citizen informer" whose information needs no corroboration, since each had previously involved himself in illicit narcotics traffic. (See *People* v. *Scoma,* 71 Cal.2d 332, 338, fn. 7 [78 Cal.Rptr. 491, 455 P.2d 419].) Obviously then, neither informant standing alone had furnished probable cause. So our inquiry becomes narrowed to the question whether there is corroboration of a sort which would reasonably justify a magistrate in concluding the imparted narcotics information to be credible.

As indicated, the proof made to the magistrate consisted of reports of two persons, each of whom stated that he personally had seen marijuana on the subject premises. The allegations that Jones was married and employed, and a conclusion that he was "responsible" do nothing to enhance his credibility. Nor does his additional statement that he observed suspicious actions which could have constituted a narcotic sale, assist us. As we stated in *Ovalle* v. *Superior Court,* 202 Cal.App.2d 760, 763 [21 Cal.Rptr. 385], "The quantification of the information does not necessarily improve its quality; the information does not rise above its doubtful source because there is more of it." (See also *Saunders* v. *Municipal Court,* 240 Cal.App. 2d 563, 567 [49 Cal.Rptr. 763].) There remains only the question whether the corroborative effect of each informer's statement upon the report of the other, was sufficient to impel the magistrate reasonably to conclude that probable cause existed.

■ In *Galena* v. *Municipal Court,* 237 Cal.App.2d 581, 588 [47 Cal.Rptr. 88], we referred to the earlier case of *People* v. *Diggs,* 161 Cal.App.2d 167, 171 [326 P.2d 194], which stated: "[T]his court, speaking through Justice Peters, said: 'It is true that an arrest and search are not based on reasonable and probable cause when the only information in the possession of the police is secured from an informant not known by the police to be reliable. [Citation.] But if information is received from such an informant, and *there are substantial corroborating facts known or discovered,* the arrest and search are proper. [Citations.] Each case must be

determined on its own facts. The test is, *considering all the information in the hands of the police, would a reasonable police 'officer act on that information* or would a reasonable officer seek further information before making the arrest and conducting the search.' (Italics added.) While a person whose information has in the past led the police to valid suspects may be a reliable informant [citations] the converse is not true, namely, that *only* those persons furnishing tested information in the past are reliable informants." Though *Diggs* referred to a police officer the same rule, of course, would apply to a magistrate in determining the existence of probable cause.

It appears to be established that the corroboration of an untested informer, required by *Galena, supra,* and *Diggs, supra,* and the authorities there cited, may be supplied by similar information from other untested informers.

The Supreme Court in *Willson* v. *Superior Court,* 46 Cal.2d 291, 294-295 [294 P.2d 36], anticipating the subsequently announced *Aguilar* test, stated, "Although information provided by an anonymous informer is relevant on the issue of reasonable cause, . . . evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. . . . In some cases the identity of, or past experience with, the informer may supply such evidence . . . and in others *it may be supplied by similar information* from other sources. . . ." (Italics added; see also *People* v. *Aguilar,* 240 Cal.App.2d 502, 509 [49 Cal.Rptr. 584].)

*People* v. *Satterfield,* 252 Cal.App.2d 270, 277 [60 Cal.Rptr. 733], tells us that "there is no rigid formula for probable cause, and information from diverse sources may in sum amount to probable cause even though no single item of information meets the test."

In *People* v. *Gamboa,* 235 Cal.App.2d 444, 447 [45 Cal.Rptr. 393], the trial court was called upon to determine the question of probable cause for an arrest and search. After testimony concerning reports of two conclusionally alleged "reliable" informers was stricken, statements from two untested informers remained, with some other information of doubtful weight or probative value. The court found probable cause. The appellate court, concurring, stated (p. 447): "We conclude that the trial court was correct in deciding that Officer Leeds had, before he knocked on defendant's door, enough information to amount to a probable cause for the arrest of defendant and the subsequent search. Valjean's information was definite and positive. *It was corroborated by similar information from another person,* independently interviewed. Valjean's information also proved to be correct in every detail which could be checked: the address, the car, the

phone number. Two landladies advised the officer that defendant regularly received a stream of visitors, who came and went, at all hours, staying only briefly. Other information, not specifically identified, had come to the officer that defendant was operating as a supplier of narcotics in his area of the city. [¶] When all the information, except that from the landladies, weighed as 'non-reliable' is put together, we think that probable cause existed. *The totality of information, coming from a number of independent sources, may be sufficient even though no single item meets the test.* If the smoke is heavy enough, the deduction of a fire becomes reasonable." (Italics added.)

In *Saunders* v. *Municipal Court,* 240 Cal.App.2d 563 [49 Cal.Rptr. 763], two untested informers *joined* in reporting narcotic activity to the police. We stated (pp. 566-567): "In the instant case there are no facts stated in Allbritton's affidavit to show that he knew either of the informants or that he had had any past dealings with them upon which to base a belief that the information which they provided him was reliable. Respondents, however, argue that the reliability of the informants is sufficiently substantiated by the police investigation referred to in the affidavit and also by the fact that 'there were *two* informers, not one, and their reports obviously corroborated one another.' As to the latter argument, *we note that while the information received from either Algene Garcia or Diana Moore might have been corroborated by information independently received from the other so as to clothe the first informant with the indicia of reliability,* All-Britton's affidavit does not indicate that the information received from the two informants was independently received." (Italics added.)

From these authorities we conclude that it may not be said as a matter of law, that two or more independent reports of previously untested informers each corroborating the other, of the same criminal activity, do not constitute probable cause for an arrest or search. Such a rule appears to us to be eminently reasonable; similar information from separate unrelated sources substantially increases the probability of its credibility. ▆▆▆ We hold, therefore, that the proof before the superior court on the section 1538.5 special proceedings was sufficient to support its conclusion that probable cause existed for the issuance of the search warrant.

▆▆▆ Our holding is dispositive of the additional contention that the search warrant, and the declaration on which it was based, were on their face insufficient to establish probable cause. With the exception that the declaration did not disclose informer Jones' prior experience with marijuana all of the material evidence before the superior court was also before the magistrate; hence a stronger showing of probable cause was made to the magistrate than actually existed. While the nondisclosure of Jones' prior criminal acts is censurable it does not change the circumstance that

probable cause existed in fact *and* on the face of the supporting declaration.

■ The remaining contention is that the information on which the search warrant was based was stale. Cited in support of this argument is *Sgro v. United States,* 287 U.S. 206, 210 [77 L.Ed. 260, 263, 53 S.Ct. 138, 85 A.L.R. 108], from which is quoted: "While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."

Jones' information related to matters occurring on May 2, 1968, while the subject of Burch's report occurred May 13, 1968. Thus nine days elapsed between the date marijuana was last seen on the premises and the issuance of the search warrant. *People v. Nelson,* 171 Cal.App.2d 356, 359-360 [340 P.2d 718] (disapproved on unrelated point by *People v. Butler,* 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819]) states: "While the authorities outside this state are not in accord as to how current the facts relied upon should be, an interval of not more than 20 days has never been held so unreasonable as to vitiate the search warrant; . . ."

In *People v. Scott,* 259 Cal.App.2d 268, 277-278 [66 Cal.Rptr. 257], a reliable informant, on May 10, observed narcotics on premises. On May 21 the informant was told that marijuana would be on the premises three days later, May 24. A search warrant was issued May 28. The appellate court stated: "We do not regard that as an unreasonable lapse of time."

*Sgro v. United States, supra,* 287 U.S. 206, relied upon by defendant, lends little support to his contention. There, in the face of a statute declaring a search warrant to be void if not executed within 10 days, such a warrant was "reissued" after 10 days, on the strength of the original supporting affidavit. Holding (p. 211 [77 L.Ed. at p. 263]) that "There is no provision which authorizes the commissioner to extend [the warrant's] life or to revive it" the court stated, "The issue of a second warrant is essentially a new proceeding which must have adequate support." (See comment, *People v. Nelson, supra,* 171 Cal.App.2d 356, 360.)

We see no unreasonableness, certainly not as a matter of law, in the delay following the Jones report, for, as we have found, probable cause for a search warrant did not then exist. Nor may the nine-day lapse following

the additional information from Burch be said necessarily to preclude the warrant's issuance.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.