[Crim. No. 11692.    Second Dist., Div. Three.    July 17, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD LOUIS BALSZ, Defendant and Appellant.

Richard Louis Balsz in pro. per., and Robert P. Mandler, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harold J. Smotkin, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, J.*—In a trial without jury Richard Louis Balsz was convicted of the possession of heroin for sale, was found to have suffered two former narcotic felony convictions and was sentenced to state prison. He appealed from the judgment in propria persona; we appointed counsel.

Balsz was arrested by Officers Slagle and Maga in front of the Chicago Hotel, 323 North Soto Street in Los Angeles. The officers then held a warrant for the search of room 209 of the hotel and the person of Balsz; the warrant was exhibited to Balsz and he was advised of his constitutional rights. Four balloons, containing 33.3 grams of heroin, were taken from the pockets of appellant, who then admitted that he had the heroin for sale. Upon the stand appellant admitted he had been an addict and denied that he held the heroin for sale.

The grounds of appeal are that there was not sufficient reason shown for issuance of the search warrant and that it was error not to require the disclosure of the name of a person whose information given to the officers, as stated in the affidavit for the search warrant, was the principal reason for issuance of the warrant. We find these claims of error untenable.

At the commencement of the trial Officer Slagle was questioned by defendant's attorney on *voir dire*. He testified that the arrest and search of the defendant were based upon the search warrant. The warrant was offered in evidence with the affidavit of Slagle which constituted the showing that was made to the court as to the basis for a warrant. A motion was made to quash the warrant and suppress the evidence of the People upon the ground that the affidavit of Slagle stated insufficient facts to justify the issuance of a search warrant.

Material averments of the affidavit were the following:

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

"Your affiant has been a police officer for the city of Los Angeles for 18 years. Affiant has been assigned to the Narcotic Detail for the past 3 years. In connection with this assignment your affiant has received training and experience in the field of narcotic law enforcement. He has testified in municipal and superior court in this county and has qualified as an expert in the field of narcotic law enforcement in said courts. He has personally participated in the arrests for various narcotic law violations in excess of 400 persons. In the course of affiant's present assignment he has had occasion to develop many contacts with informants.

"In regard to the present investigation affiant has known the informant for approximately 2 years and has received information from this informant which has always proven to be reliable and true. Acting upon this informant's information in the past Affiant has arrested in excess of 9 persons for various narcotic law violations. Informant has never given Affiant any misleading or false information. On June 25, 1965 the above mentioned informant stated to affiant that Richard Balsz, a male Mexican, in his late thirties and also known as 'Beaver', was dealing narcotics, heroin, from room 209 of the Chicago Hotel at 323 N. Soto. Informant stated to affiant that the above mentioned Richard Balsz was selling both day and night and that informant had purchased heroin from Richard Balsz aka 'Beaver' in the above mentioned room and had also seen Richard Balsz aka 'Beaver' in this room in possession of large quantities of heroin. Informant further stated that informant had observed other persons known to informant as narcotic addicts purchase heroin both day and night from Richard Balsz aka 'Beaver' in this room.

"Upon receipt of this information affiant checked the records of the Los Angeles Police Department and found that Richard Balsz aka 'Beaver', LA #142142-B, to be a male Mexican, DOB 4-4-27, 5-9, 180, brown hair, brn eyes, olive complexion, had an arrest record for narcotic violations and is currently on parole for violation of narcotic act. Affiant talked to Officer Maga of the Narcotic Division, whose information in the past has always been reliable and true to this affiant, and he stated that he also was in possession of information that Richard Balsz aka 'Beaver' was selling heroin from the Chicago Hotel. Officer Maga further stated he had seen Richard Balsz aka 'Beaver' come out of the Chicago Hotel during the past week. Officer Maga has been investigating Richard Balsz aka 'Beaver' and is of the opinion that he is

selling heroin from a room in the Chicago Hotel but as of June 25, 1965 at 3:20 p.m. he is unable to state with certainty the room number, however, he believes it to be room 209.

"Your affiant wishes to keep the identity of the aforesaid reliable informant a secret to preserve informant's safety from retribution and said informant's usefulness to law enforcement. By reason of investigation and experience your affiant is of the opinion that Richard Balsz aka 'Beaver' has in his possession in room 209 of the Chicago Hotel at 323 N. Soto a narcotic substance known as heroin and paraphernalia for its packaging and use. It is also affiant's opinion, based on investigation and experience, that Richard Balsz aka 'Beaver' has in his possession a narcotic substance known as heroin both day and nighttime in room 209 of The Chicago Hotel at 323 N. Soto.''

It is contended that the affidavit of Officer Slagle stated insufficient facts to justify a reasonable belief that the informer was a reliable person; the fact that in acting on the information received Slagle had made nine narcotic arrests did not reasonably establish the reliability of the informant for the reason that there was no averment of further facts sufficient to prove the existence of reasonable cause for the arrests; it must be shown that the arrestees were "valid suspects,'' citing *People* v. *Dewson*, 150 Cal.App.2d 119, 128 [310 P.2d 162].

Appellant says "Appellant contends that an officer unreasonably relies on the story of an informant unless he knows that the informant has supplied information which has led not only to arrested suspects, but to validated or convicted suspects.'' The argument is that in order to establish the reliability of the informant it must be shown that the person arrested was convicted or at least committed by a magistrate. No authority is cited for this proposition and it is contrary to a multitude of cases which have held that the reliability of an informant is sufficiently shown by evidence that he was known to the officer and in good faith was believed by the officer to be trustworthy and reliable. (*People* v. *Rixner*, 157 Cal.App.2d 387 [321 P.2d 91].)

The affidavit of Officer Slagle stated that he had made nine narcotic arrests in reliance upon information given by the same informer and that the information had always proven to be reliable and true; the informer had never given him "any misleading or false information.''

A "reliable informer,'' as the term is understood in

the area of law enforcement, is a person of either sex who will give the police truthful information of the criminal activities of a friend in exchange for protection or other favors. Thus, reliability is synonymous with credibility, and since Officer Slagle's informer had turned in nine friends or acquaintances, without lying about them, it was reasonable for Slagle to believe that the information as to the activities of Balsz was trustworthy. ■ It was immaterial whether any of the nine arrestees had been proven guilty. Ample facts were stated in the affidavit of Slagle as the basis for the search warrant.

■ In the cross-examination of Slagle in the trial he was requested to name the informant and he replied, "No, sir, I'll have to refuse." Defendant made a motion to suppress the evidence and an objection to the People's offer of their exhibits, upon the ground of lack of probable cause for the arrest and search "as well as the question of the refusing to reveal the identity of the informant." The court asked Slagle, "I might inquire, on what basis are you refusing to disclose the name of this informant, Mr. Slagle" and the witness replied, "To protect—claiming the privilege in the Code to protect the life of the informant and the usefulness to law enforcement at a later date." The motion to suppress was denied and the objection was overruled.

Appellant relies upon *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33], as authority for his contention that he had a right to be told the name of the informer. The case was totally different on its facts from the instant case. In *McShann* the informer was a participant in the commission of the offense charged and a witness whose testimony, conceivably, might have been of assistance to the defendant. Moreover, the arrest was made without a search warrant.

In *McShann, supra,* at page 808, the court said (quoting *People* v. *Lawrence,* 149 Cal.App.2d 435, at p. 450 [308 P.2d 821]), " 'When such a person is truly an informant he simply points the finger of suspicion toward a person who has violated the law. He puts the wheels in motion which cause the defendant to be suspected and perhaps arrested, but he plays no part in the criminal act with which the defendant is later charged.' " It was held that the name of one who is merely an informant need not be disclosed.

It was clear from the testimony of Slagle that his informant was not a participant in the arrest of Balsz nor a witness to the possession of heroin for which he was arrested.

The Attorney General relies upon *People* v. *Keener*, 55 Cal. 2d 714 [12 Cal.Rptr. 859, 361 P.2d 587], not alone for the proposition that it was not necessary to disclose the name of Slagle's informant for the reason that he was not a participant in or witness to appellant's offense, but also because disclosure is not required if the arrest is made upon a search warrant valid on its face.

After stating that the arrest of the defendants was made upon evidence discovered in the execution of a valid search warrant the court said in *Keener* (p. 723), "It follows from what we have said that where a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it." It did not appear in *Keener* that the informant was a participant or a prospective witness for the defendant, as in *McShann.*

The case was tried without error.

The judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.

A petition for a rehearing was denied August 7, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1967.