[Crim. No. 2227.    Fourth Dist.    Oct. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. KENNETH MARTIN, Defendant and Appellant.

George Benedict for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant Kenneth Martin appeals from a judgment of conviction by a jury of grand theft of welfare funds (Pen. Code, §§ 484, 487, subd. 1).

Martin had the care and custody of his minor children since 1958, his wife having deserted the family. He received aid to needy children funds in 1960; this was discontinued when he remarried; the marriage lasted a short time. Martin again applied for aid to needy children funds November 24, 1961. The events beginning with this application provide the basis of this prosecution. In the application Martin made statements of fact relating to eligibility for aid; he furnished information about the names and birthdates of his children, residence, deprivation status, ownership of real and personal property, employment, presence of unrelated adults living with the family, and family income. The truth of these statements is not in issue. Martin signed the application under oath, promising as provided in writing immediately above his signature, to "notify the county welfare department of any real or personal property transactions, change in income or other financial conditions, marriage of any of the above children or remarriage of either parent of these children, of any change in address, or if a parent is absent from the home, any information regarding his address or whereabouts or his return to the home." There was no provision in the oath or application that he advise the welfare department if, in the future, an unrelated adult were to live with the family.

Payments to Martin of aid for his needy children were resumed. In January 1962 Martin notified the welfare department of a change in address. At that time an unrelated adult female began living in Martin's home and remained until June 1962. A department official testified this fact made Martin ineligible for aid. Aid was cancelled and Martin was prosecuted for grand theft. ■ The gravamen of the offense, as stated by the People, is that Martin received funds to which he was not entitled because he withheld material information, thus obtaining funds under false pretenses. It is asserted he withheld informing the department that the unrelated adult female had moved into the home. This assertion is without merit; such information was not required by the application or oath. The oath was deficient in this respect. If the welfare department desired such information from Martin, it should have advised him to furnish it, but he was neither asked nor did he promise to do so.

■ The welfare department, through the People, claims Martin was ineligible to aid for his children because department regulations (C-160, C-160.50) provide "If a stepmother is living in the home with the child and his natural father, the child is not eligible on the basis of deprivation, since the stepmother is available to provide maternal care and supervision." The welfare department orally interprets the word "stepmother" to encompass an unrelated adult female living with a male recipient of aid to needy children. To say such does not make it so. The regulations and oath are inadequate; the prosecution sought to cure their inadequacy by oral interpretive testimony. ■ Statutes and regulations from which criminal liability flow require, however, strict construction, and should be plainly written to give fair notice. (U.S. Const. 14th Amend.; *People* v. *McCaughan*, 49 Cal.2d 409 [317 P.2d 974].)

The welfare department could have easily prevented the situation here by a specific written regulation providing that an unrelated adult female in the home barred eligibility to aid; coupling this with a provision in the oath requiring that information on the subject be reported would have assured knowledge by Martin and would have formed a proper basis for prosecuting him.

The judgment is reversed.

Coughlin, J., and Whelan, J., concurred.