[Crim. No. 14523.   Second Dist., Div. One.   Apr. 19, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. BARBARA JEAN MASON, Defendant and Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Plaintiff and Appellant.

Harry V. Goza, Jr., for Defendant and Respondent.

WOOD, P. J.—In a complaint filed in the Municipal Court of the Whittier Judicial District, it was alleged that, in said judicial district, the defendant Barbara Jean Mason comit-

ted a misdemeanor, to wit, Possession of Pinball Machine, in violation of Santa Fe Springs Ordinance 25, Section 15-23,[1] in that she did "unlawfully keep . . . and have under her control as owner, lessee, agent, employee, mortgagee, and otherwise, in a place other than a building designed for and used exclusively for residence purposes and a part of a building where such part was designed for and is used exclusively for residence purposes, a pinball machine."

Defendant demurred to the complaint on the ground that the "facts do not charge a public offense on the grounds that the City of Santa Fe Springs Ordinance No. 25, Sections 1 through 6 is void and violates the Constitution of the State of California."

On the day set for hearing the demurrer, the demurrer was withdrawn and a plea of not guilty was entered. On the day set for the trial, the plea of not guilty was set aside on motion of the defendant, and the matter was resubmitted on the demurrer. The demurrer was sustained, and the complaint was dismissed. The transcript of the docket states that the demurrer was sustained "for reason Ordinance preempted re pinball machines. No public offense stated."

The People appealed, to the Appellate Department of the Superior Court (Los Angeles County), from the judgment of dismissal. The appellate department reversed the judgment, with instructions to overrule the demurrer and allow the defendant an opportunity to replead to the complaint. That court certified the case for transfer to the court of appeal, and pursuant thereto this court made an order for such transfer.

The People contend that the court erred in sustaining the demurrer—that the complaint states a public offense, that the state has not preempted the field of pinball regulation, and that the ordinance is not unconstitutional.

The defendant contends that the ordinance is unconstitutional in that the state has preempted the field of pinball regulation.

Section 1 of Ordinance 25 of the City of Santa Fe Springs, enacted in 1957, provides: "As used in this Ordinance, 'pin ball machine' means any punchboard or any table game or

---

[1] No copy of the ordinance is attached to the settled statement, and no copy is in the record except one attached as Exhibit "A" to the points and authorities in support of defendant's demurrer. Such ordinance contains no section 15-23, nor any section numbers from 15 to 23. The demurrer, however, refers to "sections 1 through 6" and all proceedings appear to be based upon those sections. No objection was made to the apparent variance.

device commonly known as a 'pin game' or 'marble game' or any claw, scoop or grab machine, or any 'horse racing' machine or game, or any device similar thereto, the operation, use or play of which is controlled by placing therein any coin, plate, disk, plug, key or other device, or by the payment or delivery of anything of value, or upon the making of any purchase.''

Section 2 of said ordinance provides: ''Every person, firm, or corporation who keeps, maintains, possesses, or has under his control, either as owner, lessee, agent, employee, mortgagee, or otherwise, in any place except a building designed for and used exclusively for resident purposes or a part of a building where such part was designed for and is used exclusively for residence purposes and any yards or courts used exclusively appurtenant thereto, any pin ball machine, is guilty of a misdemeanor.''

Section 6 of said ordinance provides in part: '' [T]his Ordinance is an Ordinance for the immediate preservation of the public peace, health and safety, and shall take effect immediately. The following is a statement of facts constituting the urgency: Prior to the time of the incorporation of the City of Santa Fe Springs, its residents were subject to the provisions of Ordinance 4852 (new series) of the County of Los Angeles, which Ordinance prohibited possession of pin ball machines. At the time of the incorporation of the City of Santa Fe Springs, the Los Angeles County Ordinances became inoperative within the City. This Ordinance is passed for the purpose of preventing the possession of pin ball machines which were outlawed in the County and which must immediately be prohibited within the City to preserve the public peace, health and safety.''

Section 11 of article XI of the California Constitution provides: ''Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws.''

The ordinance of Santa Fe Springs, as above shown, defines the term ''pin ball machine'' and declares that possession of a pin ball machine is unlawful.

Defendant asserts that the ordinance is in conflict with Penal Code sections regarding gambling, and that the state, by reason of such sections, has preempted the field of pinball regulation.

The state has not preempted the entire field as to regulation of gambling. (*In re Hubbard,* 62 Cal.2d 119, 125,

127 [41 Cal.Rptr. 393, 396 P.2d 809].) ▮▮▮ In considering whether pinball machine regulation has been preempted by the state it is necessary to refer to several sections of the Penal Code.

Section 330 of the Penal Code, so referred to, provides in part: "Every person who deals, plays . . . or who conducts . . . any game of faro, monte, roulette . . . [9 other games are here designated] or any banking or percentage game played with cards, dice, or any device, for money . . . , and every person who plays or bets at or against any of said prohibited games, is guilty of a misdemeanor."

Section 330.1 of the Penal Code defines "slot machine or device," and provides, in part, that any person who manufactures or possesses such a machine or device as defined herein is guilty of a misdemeanor. Section 330.2 defines "thing of value" as used in code provisions relating to a slot machine or device. Section 330.3 provides, in part, that such a slot machine or device may be seized and destroyed. Section 330.4 relates to unlawful possession and to confiscation of such slot machine or device.

Section 330.5 of the Penal Code provides in part: "[I]t is further expressly provided that with respect to the provisions of Sections 330.1 to 330.4, inclusive, only, of this code, *pin ball and other amusement machines or devices which are predominantly games of skill,* whether affording the opportunity of additional chances or free plays or not, *are not intended to be and are not included within the term slot machine or device* as defined within Sections 330.1 to 330.4, inclusive, of this code." (Italics added.)

Section 330b of the Penal Code provides: "It is unlawful for any person to manufacture . . . possess . . . any slot machine or device as hereinafter defined . . . pursuant to which the user thereof, as a result of any element of hazard or chance . . . may become entitled to receive any money . . . or thing of value. . . . (2) Any machine, apparatus or device is a slot machine or device within the provisions of this section if it is one that is adapted . . . for use in such a way that, as a result of the insertion of any piece of money or coin or other object . . . such machine or device is caused to operate . . . and by reason of any element of hazard or chance . . . the user may receive . . . any piece of money . . . or thing of value. . . . (3) Every person who violates this section is guilty of a misdemeanor. (4) It is expressly provided that with respect to the provisions of Section 330b only of this

code, *pin ball, and other amusement machines or devices which are predominantly games of skill,* whether affording the opportunity of additional chances or free plays or not, *are not intended to be and are not included within the term slot machine or device* as defined in said Section 330b of this code.'' (Italics added.)

It thus appears that sections 330.5 and 330b expressly provide that ''pin ball, and other amusement machines which are predominantly games of skill,'' are excluded from the several sections above referred to relating to slot machines or devices —with the result that the state legislation relating to slot machines or game devices specifically excepts pinball machines which are predominantly games of skill.

The sections which make slot machines or devices unlawful do not contain the word ''pinball.'' Those sections (enacted in 1950) use the words ''slot machine or device.'' A question is whether the word ''device'' was intended to include pinball machines. In determining whether the field regarding pinball machines has been preempted by the state, it is not necessary that the intent of the Legislature be found in the language of the statute, but consideration may be given to the whole purpose and scope of the legislative scheme. (*Tolman* v. *Underhill,* 39 Cal.2d 708, 712 [249 P.2d 280] ; *In re Lane,* 58 Cal.2d 99, 102-103 [22 Cal.Rptr. 857, 372 P.2d 897].) In the Assembly Journal of April 4, 1950, at page 762 there is a statement by two legislators regarding the intention of the Legislature with reference to the bills whereby pinball machines which were predominantly games of skill were excluded from certain sections which prohibit a ''slot machine or device.'' The legislators said, among other things: '' [W]e desire to state that the intent of these bills is to make illegal the possession of the so-called *slot machines in their various forms,* and we *do not intend to prohibit possession of* what is commonly known as *a pinball machine.*'' (Italics added.)

As above shown, section 330.5 and section 330b state that, as to those sections only, pinball and other amusement machines or devices which are predominantly games of skill are not intended to be and are not included within the term ''slot machine or device'' as defined in certain sections, namely 330.1 to 330.4, inclusive, and section 330b. It thus appears that the Legislature has not expressly declared that pinball machines and other devices which are predominantly games of skill are legal, but has said that such machines are exempted from and not included within the term ''slot

machine or device." Instead of expressly making such pinball machines (those predominantly games of skill) legal, it appears that the Legislature has made exemption provisions in some sections as to that one kind of pinball machine and has been particularly careful to make such exemption provisions applicable only to those specified code sections. It is apparent, of course (in view of said exemption or exception), that at the time of such legislation defining and regulating a "slot machine or device," the specific subject of pinball machines was being considered. The term "pinball" was not mentioned in the main part of the legislation (as distinguished from the exception part thereof). In other words, it appears that the state legislation regulating "slot machines or devices" has expressly excluded or exempted from such regulation a certain kind of pinball machine (the kind which is predominantly a game of skill), but such legislation does not make an express declaration regarding the legality or illegality of the other kinds of pinball machines which are not predominantly games of skill. Defendant seems to argue that since the Legislature has made such an exemption or exception as to pinball machines which are predominantly games of skill, the Legislature (according to defendant's view) has made the possession of such machines legal, and that the Legislature intended thereby, by implication, to make the possession of the other kinds of pinball machines illegal (i.e., the kinds which are not predominantly games of skill). Under the circumstances here, the express exclusion of one kind of pinball machine from the state legislation does not necessarily mean that other kinds of such machines, which were not mentioned therein, were included in the legislation. Some of the circumstances, just referred to, are (1) that the term "pinball machine" is not in the main part of the legislation but is only in the exception by way of statement that one kind of such machine is excluded from certain sections—without any express declaration as to whether it is legal or illegal; and (2) legislators have said that the intent was to prohibit slot machines and not to prohibit pinball machines. In *In re Hubbard, supra,* 62 Cal. 119, 126-127 [41 Cal.Rptr. 393, 396 P.2d 809], it was said: "Since the general laws do not make illegal all forms of gambling . . . they cannot be said to occupy either field to the exclusion of the exercise of local police power, unless we adopt the negative type of argument inherent in defendants' contention, that is, that by making specific

acts illegal the Legislature intended all other acts of similar character to be of such innocent character that no local authority might adopt a contrary view. To adopt such a view (for which no authority has been presented) would be to fly in the face of the well-settled doctrine that the use of specific words and phrases connotes an intent to exclude that which is not specifically stated.'' (In that case the court did not adopt the negative type of argument.) In the present case, certainly it was not expressly stated in the legislation that the other kinds of pinball machines (ones not predominantly games of skill) were included within the term ''slot machine or device.'' It would seem that if the Legislature intended to cover the entire field regarding pinball machines, it would have used the term ''pinball machine'' in the main part of the legislation and made a declaration therein applicable specifically to such machine. In any event it is apparent that the Legislature did not intend to cover the entire field as to legislative regulation of pinball machines. This is indicated particularly by (1) the provision excluding, from the definition of ''slot machine or device,'' pinball machines which allegedly are predominantly games of skill, and (2) the failure to declare the legal status of such excluded machines.

The Santa Fe Springs ordinance is supplementary to the state legislation. The entire legislative field as to pinball machines has not been preempted by the state.

Whether a pinball machine is a game of skill or chance is largely a question of fact. In *Williams* v. *Justice Court,* 230 Cal.App.2d 87, 97 [40 Cal.Rptr. 724], it is said: ''The issue of gambling versus skill is largely factual. As to some games and devices the question cannot be resolved without a hearing and evidence.'' The present case was decided upon demurrer to the complaint. Whether the particular pinball machine involved herein came within the exemption could not be determined upon such a proceeding.

The judgment of dismissal is reversed and the municipal court is directed to overrule the demurrer and allow the defendant to replead to the complaint.

Lillie, J., and McCoy, J. pro tem.,* concurred.

A petition for a rehearing was denied May 14, 1968.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.